**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X   Case No.

JUAN ELIAS DE JESUS, individually and on behalf of
other employees similarly situated,

                                  **COMPLAINT**

                   Plaintiff,

                             **Jury trial Demanded**

         -against-

FORDHAM FULTON REALTY, CORP. and LOTUS
MANAGEMENT SERVICES, INC.,

                   Defendants.

------------------------------------------------------------------X

Plaintiff, JUAN ELIAS DE JESUS ("Plaintiff"), by and through his attorneys, THE STEPHENS LAW FIRM PLLC, as and for his Complaint against Defendants FORDHAM FULTON REALTY, CORP. ("FORDHAM") and LOTUS MANAGEMENT SERVICES, INC., ("LOTUS") (collectively referred to as "Defendants") alleges upon personal knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations committed by Defendants of Plaintiff's rights guaranteed to them by: (i) the Fair Labor Standards Act ("FLSA") minimum wage provisions, 29 U.S.C. § 206(a); (ii) the FLSA's overtime provisions, 29 U.S.C. § 207(a); (iii) the New York Labor Law's ("NYLL") minimum wage provisions, N.Y. Lab. Law § 652(1); (iv) the overtime provisions of the NYLL, N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific

categories of information, N.Y. Lab. Law § 195(3); (vi) the NYLL's requirement that employers furnish employees with a notice and acknowledgement containing specific categories of information at the time of hiring and every year thereafter, N.Y. Lab. Law § 195(1); and, (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself and all other current and former employees similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1367 over all state law claims.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as the Defendants reside or maintain a principal place of business within the Southern District of New York.

## PARTIES

5. At all relevant times, Plaintiff was or is a resident of the State of New York, County of Bronx, and is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL and the NYCCRR.

6. At all relevant times, Defendant FORDHAM is a domestic business corporation with its principal place of business located at 530-540 169th Street, Bronx, NY 10456.

7. At all relevant times, upon information and belief, Defendant FORDHAM is in

the business of owning and renting properties, including residential units, to members of the public.

8. At all relevant times, Defendant FORDHAM is the owner of the premises known as and located at 480 East 188th Street, Bronx, NY 10458.

9. At all relevant times, Defendant LOTUS is a domestic business corporation with its principal place of business located at 1501 Broadway, Ste 1610, New York, NY 10036.

10. At all relevant times, upon information and belief, Defendant LOTUS is in the business of owning and renting real properties, including residential units, to members of the public, and managing real properties, including residential units, on behalf of the fee owners of the said properties.

11. At all relevant times, Defendant LOTUS manages the premises known as and located at 480 East 188th Street, Bronx, NY 10458.

12. At all relevant times, upon information and belief, Defendants FORDHAM and LOTUS have common owners, shareholders, and principals.

13. At all relevant times, upon information and belief, Defendants FORDHAM and LOTUS have common officers and managers.

14. At all relevant times, Defendants are "employers" and "persons" within the meaning of the FLSA and the NYLL.

15. At all relevant times, Defendants are joint employers within the meaning of the FLSA and NYLL.

16. At all relevant times, Defendants have at least two employees, and the Defendants' gross annual volume of sales or business done is not less than $500,000.00, and the Defendants are engaged in interstate commerce within the meaning of the FLSA, as they handle

goods and products that are moved between the States, the combination of which subjects the Defendants, as an enterprise, to the FLSA's overtime requirements. Furthermore, all Defendants' employees, including Plaintiff, are individually engaged in interstate commerce, as they personally handle goods, services, and/or money that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the overtime requirements of the FLSA with respect to each individual employee.

## JOINDER OF PARTIES - FLSA COLLECTIVE ACTION

17. Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum wage, overtime pay, and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on his own behalf as well as those in the following class:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for or on behalf of the Defendants as porters or maintenance workers who give consent to file a claim to recover overtime compensation that is legally due to them for the time in excess of forty hours in a given workweek for which Defendants did not compensate them at the legally mandated rate of one and one-half times their respective straight-time rates of pay, and/or for whom the Defendants did not compensate at the minimum wage rate for each hour worked ("FLSA Plaintiffs").

18. The Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid the lawful minimum wage pursuant to the FLSA and the laws of the State of New York; were required to work in excess of forty hours each week; were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

19. At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiff herein and the FLSA Plaintiffs at the lawful minimum wage for all hours worked and at the rate of one and one-half times their respective regular rates of pay for hours worked

each workweek above forty but purposely chose not to do so.

## BACKGROUND FACTS

20. At all relevant times, Plaintiff is a former employee of Defendants and performed his duties for Defendants' benefit at Defendants' facilities located at 480 East 188th Street, Bronx, New York.

21. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and the FLSA Plaintiffs at the lawfully mandated minimum hourly rate pursuant to the FLSA and the laws of the State of New York; to pay overtime compensation at the statutory rate of one and one-half the regular hourly rate for hours worked in excess of forty hours per work week; to provide a legally sufficient wage statement as required; or to provide a pay notice upon hiring and upon changes in the information contained in the said pay notice as required by the NYLL.

22. Defendants hired Plaintiff in or about October 2013.

23. Plaintiff was employed by Defendants as a porter.

24. Plaintiff's duties included removing garbage and cleaning the interior and exterior grounds of the premises as well as the cleaning of vacant apartments.

25. Plaintiff worked Mondays through Fridays, from 7:00 a.m. to 4:00 p.m., with one hour lunch break. For this time, throughout the entire time of his employment by Defendants, Plaintiff was paid $470.00 weekly. Additionally, on Saturdays, Plaintiff worked from 7:00 a.m. to 4:00 p.m. For this time, Plaintiff was paid $100.00 weekly.

26. In addition to Plaintiff, Defendants employed one other porter, two handymen, and one superintendent at 480 East 188th Street. Plaintiff is unaware of how many other employees Defendants had at other locations.

27. Plaintiff worked for Defendants until April 17, 2020, when Plaintiff found other employment.

28. At all relevant times, Plaintiff and the FLSA Plaintiffs were not paid the lawful minimum wage under the FLSA and NYLL.

29. At all relevant times, for work performed over forty hours each week, Plaintiff and the FLSA Plaintiffs were not paid at a rate of one-and-one-half times their regular rate of pay. Instead, Plaintiff and the FLSA Plaintiffs were compensated at their regular hourly rate for all hours worked over forty hours each week, or were paid a separate amount by Defendants in a willful attempt to circumvent the overtime requirements of the FLSA and NYLL.

30. The work schedule of Plaintiff and the FLSA Plaintiffs was set by the Defendants. Consequently, at all relevant times, Defendants knew that Plaintiff and the FLSA Plaintiffs were working many more than 40 hours each week; yet they permitted or suffered them to work those hours without paying them at the appropriate overtime rate under the FLSA and NYLL.

**FIRST CLAIM FOR RELIEF, UNPAID MINIMUM WAGE UNDER FLSA**

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. 29 U.S.C. 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked. Minimum wage under the FLSA has been $7.25 per hour since July 24, 2009.

33. The FLSA provides that when state minimum wage is higher than the federal minimum wage the employee is entitled to the state minimum wage rate.

34. From December 31, 2013, through December 30, 2014, Under the NYLL, the minimum wage for New York employers was $8.00 per hour. From December 31, 2014,

through December 30, 2015, the minimum wage was $8.75 per hour.  From December 31, 2015, through December 30, 2016, the minimum wage was $9.00 per hour.  From December 31, 2016, through December 30, 2017, for New York City employers with fewer than 11 employees, the minimum wage was $10.50 per hour, and, for New York City employers with eleven or more employees, the minimum wage was $11.00 per hour.  From December 31, 2017, through December 30, 2018, for New York City employers with fewer than 11 employees, the minimum wage was $12.00 per hour, and, for New York City employers with eleven or more employees, the minimum wage was $13.00 per hour.  From December 31, 2017, through December 30, 2019, for New York City employers with fewer than 11 employees, the minimum wage was $13.50 per hour, and, for New York City employers with eleven or more employees, the minimum wage was $15.00 per hour.  As of December 31, 2019, the minimum wage is $15.00 per hour for all employers in the City of New York.

35. As described above, Defendants are employers within the meaning of the FLSA and Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

36. As also described above, the Defendants did not compensate Plaintiff and the FLSA Plaintiffs for all hours worked at an hourly rate required by the FLSA.

37. The Defendants' actions were in willful violation of the FLSA.

38. Plaintiff and the FLSA Plaintiffs are entitled to the entire amount they were legally due under the FLSA's minimum wage provisions.

39. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violation of the FLSA's minimum wage provisions.

## SECOND CLAIM FOR RELIEF, UNPAID OVERTIME UNDER FLSA

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth

above with the same force and effect as if more fully set forth herein.

41. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

42. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiff and the FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

43. The Defendants' actions were in willful violation of the FLSA.

44. Plaintiff and the FLSA Plaintiffs are entitled to the compensation they are legally due under the FLSA's overtime provisions.

45. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violations of the FLSA's overtime provisions.

**THIRD CLAIM FOR RELIEF, UNPAID MINIMUM WAGE UNDER NYLL**

46. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. N.Y. Lab. Law § 652(1) prescribes a minimum wage that employer must pay employees for each hour worked. From December 31, 2013, through December 30, 2014, Under the NYLL, the minimum wage for New York employers was $8.00 per hour. From December 31, 2014, through December 30, 2015, the minimum wage was $8.75 per hour. From December 31, 2015, through December 30, 2016, the minimum wage was $9.00 per hour. From December 31, 2016, through December 30, 2017, for New York City employers with fewer than 11 employees, the minimum wage was $10.50 per hour, and, for New York City employers with eleven or more employees, the minimum wage was $11.00 per hour. From December 31, 2017,

through December 30, 2018, for New York City employers with fewer than 11 employees, the minimum wage was $12.00 per hour, and, for New York City employers with eleven or more employees, the minimum wage was $13.00 per hour. From December 31, 2017, through December 30, 2019, for New York City employers with fewer than 11 employees, the minimum wage was $13.50 per hour, and, for New York City employers with eleven or more employees, the minimum wage was $15.00 per hour. As of December 31, 2019, the minimum wage is $15.00 per hour for all employers in the City of New York.

48. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the NYLL.

49. As also described above, Defendants did not compensate Plaintiff and the FLSA Plaintiffs for all hours worked at the hourly rate required by the NYLL.

50. Plaintiff and the FLSA Plaintiffs are entitled to the entire amount which was legally due to them under the NYLL's minimum wage provisions.

51. For the Defendants' willful violations of the NYLL, Plaintiff and the FLSA Plaintiffs are entitled to recover from Defendants their unpaid wages, attorney's fees, liquidated damages, pre-judgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF, UNPAID OVERTIME UNDER NYLL**

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. N.Y. Lab. Law § 160 and NYCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL

while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the NYLL.

55.     As also described above, Plaintiff and the FLSA Plaintiffs frequently worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff and the FLSA Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

56.     Defendants' actions were in willful violation of the NYLL and NYCCRR.

57.     Plaintiff and the FLSA Plaintiffs are entitled to the amount legally due to them under the NYLL's and NYCCRR's overtime provisions.

58.     Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages, attorney's fees, costs, and pre-judgment and post-judgment interest for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

**FIFTH CLAIM FOR RELIEF, FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF NYLL**

59.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with "a statement with every payment of wages containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or  other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.  For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.  For all employees paid a piece rate, the statement shall include the

applicable piece rate or rates of pay and number of pieces completed at each piece rate.  Upon the request of an employee, an employer shall furnish an explanation in writing of how such wages were computed."

61. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the NYLL.

62. As described above, Defendants willfully failed to furnish Plaintiff and the FLSA Plaintiffs with wage statements containing the criteria required under the NYLL.

63. Pursuant to N.Y. Lab Law § 198(1-d), Defendants are liable to Plaintiff and each FLSA Plaintiff in the amount of $250.00 for each workday the violations occurred, up to $5,000.00.

64. For their failure, in addition to the statutory penalties, Defendants are liable to Plaintiff and the FLSA Plaintiffs for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

**SIXTH CLAIM FOR RELIEF, FAILURE TO PROVIDE PAY NOTICES UPON HIRING AND EVERY YEAR THEREAFTER UNDER NYLL**

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. The NYLL requires that an employer "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with

section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgment, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years. Such acknowledgment shall include an affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified or otherwise complied with paragraph (c) of this subdivision, and shall conform to any additional requirements established by the commissioner with regard to content and form. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

67. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the NYLL.

68. As described above, Defendants willfully failed to provide Plaintiff and the FLSA Plaintiffs with any such pay notice containing the criteria required under the NYLL.

69. Pursuant to N.Y. Lab Law § 198(1-d), Defendants are liable to Plaintiff and each FLSA Plaintiff in the amount of $50.00 for each workday the violations occurred, up to $5,000.00.

70. For their failure, in addition to the statutory penalties, Defendants are liable to

Plaintiff and the FLSA Plaintiffs for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

### SEVENTH CLAIM FOR RELIEF, FAILURE TO PAY WAGES WHEN DUE IN VIOLATION OF NYLL ARTICLE 6

71.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.     Defendants have failed to pay Plaintiff all wages due, including minimum wage and overtime wages, for the hours they each worked for Defendants. The NYLL, Article 6, requires that wages be paid on an employee's regular payday for all hours worked.

73.     Due to Defendant' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. In light of Defendants' longstanding and ongoing violations of the NYLL and applicable regulations, Plaintiff also seeks injunctive relief precluding Defendants from continued violations of these laws and affirmatively mandating their compliance with the provisions of the NYLL.

74.     Defendants' failure to comply with the NYLL was willful.

### EIGHTH CLAIM FOR RELIEF, UNJUST ENRICHMENT, DEFENDANTS' FAILURE TO PAY ALL WAGES DUE INCLUDING WAGES FOR OVERTIME AND MINIMUM WAGES

75.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76.     Under the common law doctrine of "unjust enrichment," Defendants have been unjustly enriched at the expense of the Plaintiff insofar as Defendants, by their policies and actions, benefitted from, and increased their profits and personal compensation by failing to pay Plaintiff: (1) all wages due for work performed including but not limited to overtime for hours

worked in excess of 40 hours in a workweek at one and one-half times the lawful regular rate of pay, and; (2) all minimum wages due under the NYLL.

77. Defendants accepted and received the benefits of the work performed by Plaintiff at the expense of Plaintiff. It is inequitable and unjust for Defendants to reap the benefits of Plaintiff's labor without paying all wages due, which includes but is not limited to underpaid overtime and regular hours worked on behalf of Defendants.

78. Plaintiff is entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants, plus interest on these amounts.

## DEMAND FOR A JURY TRIAL

79. Pursuant to the Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. a judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. designation of this action as a collective action on behalf of the FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and his counsel to represent the Collective Action members;

c. an order tolling the statute of limitations;

d. an order restraining Defendants from any retaliation against Plaintiff or FLSA

        Plaintiffs for participating in this action;

e.      an order awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages Plaintiff and the FLSA Plaintiffs would have received but for Defendants' misconduct;

f.      liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g.      an order awarding Plaintiff and the FLSA Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

h.      pre-judgment and post-judgment interest, as provided by law; and

i.      an order granting Plaintiff and FLSA Plaintiffs any further relief as this Court finds necessary and proper.

Dated: December 28, 2020
       New York, New York

                                          Respectfully submitted,

                                          /S/
                                      THE STEPHENS LAW FIRM PLLC
                                      By: GLENDOVAL J. STEPHENS
                                      305 Broadway, Suite 1200
                                      New York, NY 10007
                                      Tel: 212-385-1400
                                      Fax: 212-385-1401
                                      firm@stephenslawny.com
                                      *Attorneys for Plaintiff*