**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   Case No. **1:20-cv-10951-AT**

JUAN ELIAS DE JESUS, individually and on behalf of
other employees similarly situated,

                Plaintiff,

       -against-

FORDHAM FULTON REALTY, CORP. and LOTUS
MANAGEMENT SERVICES, INC.,

                Defendants.

-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**APPLICATION FOR DEFAULT JUDGMENT**


THE STEPHENS LAW FIRM PLLC
By: Glendoval J. Stephens
305 Broadway Ste 1200
New York, NY 10007
(212) 385-1400
gjs@stephenslawny.com
*Attorneys for the Plaintiff*

1

## TABLE OF CONTENTS

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Plaintiff JUAN ELIAS DE JESUS, by counsel, submits this memorandum of law in support of his application for a default judgment pursuant to Fed. R. Civ. P. 55(b) (2) and Local Rule 55.2(b).

## STATEMENT OF FACTS

The following facts are taken from the declaration of Juan Elias De Jesus ("De Jesus Dec."), the declaration of Glendoval J. Stephens ("Stephens Dec."), and exhibits annexed thereto, and the docket in this action.[1]

Plaintiff commenced this action on December 28, 2020. The complaint asserts claims against Defendants for unpaid minimum wages and overtime wages under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201 *et seq.*) and the New York Minimum Wage Act and regulations (N.Y. Labor Law §§ 650 *et seq.* and 12 N.Y.C.R.R. § 146). Stephens Dec. ¶ 3; Exh. A.

A copy of the Summons and Complaint was served on Defendant LOTUS MANAGEMENT SERVICES, INC. ("Lotus") on May 3, 2021, by delivering a true copy thereof to "John Doe" (the name used being fictitious, as the person served refused to give his name), an attorney at the offices of Mendel & Fedele, Esqs., the registered agents for service of process for Defendant Lotus, at 1501 Broadway, Suite 1610, New York, NY 10007, the address designated by the Defendant Lotus for service of process. Stephens Dec. ¶ 5. Docket No. 19.

Defendant Lotus failed to answer the complaint, or otherwise appear, and on November 30, 2021, the clerk of the Court issued a certificate of default as to Defendant Fordham. Stephens Dec. ¶ 6; Docket No. 42.

---

[1] The exhibits attached to Stephens Declaration shall hereafter be referred to as Exh. )

3

A copy of the Summons and Complaint was served on Defendant FORDHAM FULTON REALTY CORP. ("Fordham") on April 5, 2021, by delivering a true copy thereof to Wanda "Doe" (the surname used being fictitious, as the person served refused to give her surname), at 480 East 188th Street, Bronx, NY 10458, the place of business of the Defendant Fordham. Stephens Dec. ¶ 7. Docket No. 15.

Although Defendant Fordham joined issue, counsel for Fordham was subsequently relieved, and Fordham subsequently defaulted in that Fordham failed to comply with the Court's orders directing Fordham to notify the Court as to whether it had retained new counsel, and failed to take any other steps to defend the action. Stephens Dec. ¶¶ 8-10.

Accordingly, on November 5, 2021, the Court directed that Plaintiff move for entry of default and a judgment of default by December 3, 2021. Stephens Dec. ¶ 11. Docket No. 32. On November 19, 2021, Plaintiff requested an extension of time to file for a default judgment to December 27, 2021. Docket No. 33. On November 22, 2021, the Court granted Plaintiff's application. Docket No. 38.

As alleged in the Complaint and accompanying affidavits, Plaintiff is a former employee of Defendants. Docket No. 9 at ¶ 20. De Jesus Dec. ¶¶ 3, 4. Defendants own, operate, manage, and/or control the premises known as and located at 480 East 188th Street, Bronx, New York. The said premises consists of residential units, which the Defendants rent to members of the public. Docket No. 9 ¶¶ 6-11.

Defendants were joint employers within the meaning of the FLSA and the New York Labor Law ("NYLL"). Docket No. 9 at ¶ 15. Defendants controlled Plaintiff's terms and conditions of employment, including Plaintiff's work schedule, and determined the rate and

4

method of Plaintiff's compensation. Docket No. 9 ¶¶ 18, 19, 21.

At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activities that affect interstate commerce. Docket No. 9 ¶ 16. The gross annual volume of sales made by Defendants, in each year from 2010 to 2017, was not less than $500,000. Docket No. 9 ¶ 16.

Plaintiff was employed by Defendants from approximately October 2013 until on or about April 18, 2020. Docket No. 9 ¶¶ 22, 27; De Jesus Dec. ¶ 4. Defendants employed Plaintiff as a porter. Docket No. 9 ¶ 23; De Jesus Dec. ¶ 3. Plaintiff's work required neither discretion nor independent judgment. De Jesus Dec. ¶ 7.

From approximately January 1, 2018, through April 18, 2020, Plaintiff worked Monday through Friday. from approximately 7:00 a.m. until 4:00 p.m. with one hour lunch break, as well as Saturdays from 7:00 a.m. to 4:00 p.m. De Jesus Dec. ¶¶ 8-9.

From January 1, 2018, through the week ending April 29, 2019, Plaintiff was paid $470.00 by check with pay stub for work done Monday through Friday, and $100.00 for work done on Saturdays. From the week ending May 4, 2019, through April 18, 2020, Plaintiff was paid $470.00 for work done Monday through Friday and $125.00 for work done on Saturdays. De Jesus Dec. ¶¶ 8-10.

Defendants never provided Plaintiff Lemache with a statement of wages compliant with the requirements set forth in NYLL § 195(3). De Jesus Dec. ¶ 11. Defendants never provided Plaintiff with a written notice, in English and in Spanish (Plaintiff Lemache's primary language), of his rate of pay, his employer's regular pay day, and such other information as required by NYLL § 195(1). De Jesus Dec. ¶ 12.

**ARGUMENT**

I.   PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT

It is well settled that defendants who fail to file an answer or otherwise move in respect to a complaint filed are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

Defendant Lotus has failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Defendant Fordham interposed an answer (Docket No. 18) and filed a notice of appearance by counsel (Docket No. 16). However, counsel was relieved by the Court and Fordham was given an opportunity to interpose new counsel (Docket Nos. 29 and 31). Fordham has since failed to comply with the Court's orders to state whether new counsel has been retained, and has otherwise failed to take any other action in defense of the action. Fordham is therefore in default, and a certificate of default has accordingly been issued against Fordham.

Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment.

Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id.* "Together, 'Rule 55(b)(2) and relevant case law give district

6

judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" *Id.* (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $, plus attorneys' fees.

    a.      Unpaid Minimum and Overtime Wages

At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $7.25 per hour. From December 31, 2013, through December 30, 2014, Under the NYLL, the minimum wage for New York employers was $8.00 per hour.  From December 31, 2014, through December 30, 2015, the minimum wage was $8.75 per hour.  From December 31, 2015, through December 30, 2016, the minimum wage was $9.00 per hour.  From December 31, 2016, through December 30, 2017, for New York City employers with fewer than 11 employees, the minimum wage was $10.50 per hour, and, for New York City employers with eleven or more employees, the minimum wage was $11.00 per hour.  From December 31, 2017, through December 30, 2018, for New York City employers with fewer than 11 employees, the minimum wage was $12.00 per hour, and, for New York City employers with eleven or more employees, the minimum wage was $13.00 per hour.  From December 31, 2017, through December 30, 2019, for New York City employers with fewer than 11 employees, the minimum wage was $13.50 per hour, and, for New York City employers with eleven or more employees, the minimum wage was $15.00 per hour.  As of December 31, 2019, the minimum wage is $15.00 per hour for all employers in the City of New York. New York's rules on overtime explicitly

incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 146-1.4.

The onus is on an employer to maintain records of employees' hours worked and wages paid. 29 U.S.C. §211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004).

Here, Plaintiff was not paid at overtime at the rate of one-and-a-half times their regular rate. Rather he was paid at fixed rates that did not take his hours worked into account.

Plaintiff is owed $11,782.00 in unpaid minimum and overtime wages. *See* **Exh. E**.

b. Violations of Wage Notice and Statement Requirements

Defendants never provided Plaintiff with a wage notice at the start of his employment or annually, or a wage statement with each payment of wages containing the criteria required by NYLL §§ 195(1) and 195(3). Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.

c. Liquidated Damages

Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages

is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

Likewise, under the NYLL, an employee is also entitled to liquidated damages. Until April 9, 2011, liquidated damages under the NYLL were 25% of the unpaid wages. Since April 9, 2011, they are 100% of the underpayments. N.Y. Lab. Law §663(1); *see also Pinovi v. FDD Enters.*, 2015 U.S. Dist. LEXIS 89154, *15 (S.D.N.Y. July 8, 2015).

Plaintiff is therefore entitled to liquidated damages in the amount of $11,782.00 for minimum and overtime wage violations.

### d. Attorneys' Fees and Costs

The FLSA and New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

Plaintiff incurred costs and attorneys' fees in pursuing this action and seeks an award of reasonable attorneys' fees and costs. The attorneys' fees and costs total $20,288.00 including a filing fee of $400.00 and fees associated with serving the Defendants with the summons and complaint.

A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, in the form of this firm's standard billing sheet is attached to the Stephens Dec. as Exh. D.

### e. Additional Damages

Plaintiff is also entitled to an award of prejudgment interest on the minimum and overtime damages at the rate of 9% per annum.

Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

## CONCLUSION

For the reasons stated above and in the accompanying affirmation, affidavit, and exhibits, the Plaintiff's application for a default judgment should be granted in its entirety.

Dated: New York, New York
December 27, 2021

_____
THE STEPHENS LAW FIRM PLLC
By: Glendoval J. Stephens
305 Broadway Ste 1200
New York, NY 10007
Tel: (212) 385-1400
Fax: (212) 385-1401
gjs@stephenslawny.com
*Attorneys for Plaintiff*