```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JUAN ELIAS DE JESUS,

                          Plaintiff,

          -against-

FORDHAM FULTON REALTY, CORP. and
LOTUS MANAGEMENT SERVICES, INC.,

                          Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _09/06/2024_

20 Civ. 10951 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Juan Elias De Jesus, brings this action against Defendants Fordham Fulton Realty, Corp. and Lotus Management Services, Inc., alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 190 *et seq.*, for, *inter alia*, violation of the minimum wage provisions, failure to pay overtime wages, and failure to furnish wage statements and pay notices. *See* Compl. ¶ 1, ECF No. 9. After reaching a settlement, ECF No. 83-1, the parties sought the Court's approval of their proposed agreement, ECF No. 83. The Court denied the parties' motion without prejudice to renewal. *See* Order, ECF No. 85. The parties revised their settlement and again sought the Court's approval. ECF No. 86. The Court again denied the motion without prejudice. *See* Second Order, ECF No. 87.

Now before the Court is the parties' third proposed settlement agreement (the "Third Settlement"), ECF No. 93-1, and the parties' renewed motion for settlement approval (the "Third Letter"), ECF No. 93. For the reasons stated below, the motion to approve the parties' settlement agreement is GRANTED.

## DISCUSSION

I.   Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202.  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve

2

agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

The Third Settlement again provides Plaintiff with a recovery of $22,500, inclusive of attorney's fees and costs, of which Plaintiff would receive $9,327.33. Third Settlement ¶ 2; *see* Third Letter at 2. In the Second Order, the Court directed the parties to "offer a bottom-line calculation of Plaintiff's maximum potential recovery," without which the Court could not determine whether the proposed settlement amount was fair. Second Order at 3. The parties now state that "had he prevailed on all his claims, Plaintiff could expect a maximum recovery of unpaid wages, liquidated damages, and prejudgment interest in the amount of $36,737.36." Third Letter at 3. His net recovery of $9,327.33, therefore, represents approximately one-quarter of his best-case recovery at trial, within the range that courts in this District have found

reasonable. *See Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (collecting cases).

As to the other *Wolinsky* factors, the parties provide a detailed description of the risks they face in the litigation, including Defendants' anticipated defenses that "all other similarly situated employees worked a regular daily schedule one hour shorter than that alleged by Plaintiff" and that Plaintiff did not work "additional hours for which he was not adequately compensated." Third Letter at 3. The parties also represent that the settlement agreement was the result of protracted, arm's-length bargaining between experienced counsel, and not the product of fraud or collusion. *Id.* at 4–5. Therefore, the Court finds that the *Wolinsky* factors are now met.

The Court also finds that the release contained in the Third Settlement is sufficiently narrow because it no longer "improperly reaches beyond Plaintiff" and is "is appropriately tailored to wage and hour claims." Second Order at 4. Although the release remains temporally broad, *id.*, the release's limited subject-matter scope guards against the possibility that Plaintiff has unknowingly "waive[d] practically any possible claim against [D]efendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014). The release provision, therefore, does not prevent the Court from approving the Third Settlement.

Finally, the Third Settlement includes the same attorney's fees and costs previously proposed, which the Court has found to be fair and reasonable. Order at 3–4.

4

## CONCLUSION

For the foregoing reasons, the parties' renewed motion for settlement approval is GRANTED. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: September 6, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge